IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02184-ZLW

JEFFERY A. DUNN,

Applicant,

v.

JOE ORTIZ, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 30 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION FOR RELIEF
PURSUANT TO FED. R. CIV. P. 60(b)

---

On April 16, 2008, Applicant Jeffery A. Dunn filed a *pro se* "Motion for Relief from Sua Sponte Order of Dismissal" pursuant to Fed. R. Civ. P. 60(b). The Court must construe the Motion liberally because Mr. Dunn is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless for the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion for relief from a dismissal filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at

1243. Mr. Dunn's Motion for Relief, which was filed more than ten days after the Court's Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court determined that the one-year limitation ran from August 27, 2002, the day after Applicant's conviction became final, until November 3, 2002, because Applicant did not have a postconviction motion pending in state court during this time. Also, from February 22, 2003, the day after the motion for reconsideration of his sentence was denied, until August 24, 2003, the day prior to when Applicant filed a Colo. R. Crim. P. 35(c) postconviction motion, Applicant did not have a postconviction motion pending in state court. Furthermore, from November 3, 2005, the day after the mandate issued in his Rule 35(c) postconviction motion, until October 19, 2006, the day prior to when Applicant certified that he submitted the instant action for filing in this Court, he did not have a postconviction motion pending in state court. The total time, therefore, during which no postconviction motion was pending in state court is greater than the one-year limitation period set forth in § 2244(d).

Mr. Dunn failed to assert in either the Application or the Response an extraordinary circumstance beyond his control that made it impossible for him to file a timely § 2254 application. Applicant, however, did argue that because his postconviction motions were filed within state-law time requirements the tolling

provisions of § 2244(d)(2) are applicable and must be applied to all time during which he did not have a postconviction motion pending. Mr. Dunn's argument was found to be without merit because the three-year state tolling provision for filing postconviction motions does not toll the time for purposes of § 2244 during the time an applicant does not have a postconviction motion pending within the three years.

In the Motion for Relief, Mr. Dunn relies on *Kilgore v. Estep*, — F.3d —, 2008 WL 638727 (10th Cir. 2007), as the basis for his argument that the instant action was improperly dismissed and should be reinstated. Applicant argues that the raising of a statutory time bar is an affirmative defense. Although the Tenth Circuit held in *Kilgore* that timeliness of a habeas action is an affirmative defense, the Circuit also found that a district court may dismiss a § 2254 action *sua sponte* when untimeliness is clear on the face of the application. *Kilgore*, 2008 WL 638727 at *5.

Mr. Dunn does not dispute the Court's calculation of the time during which he did not have a postconviction motion pending in state court. To the contrary in the Response, Applicant provides a chronological listing of the same dates that this Court identified in the Order to Show Cause and the Order and Judgment of Dismissal as the time that he did not have a postconviction motion pending in state court, which is a total of more than one year. As the Court stated above, the time is not tolled for purposes of § 2244(d) simply because an applicant has filed his claims within the time required by the state for filing a postconviction motion.

The Application, therefore, is untimely under § 2244(d), and the Motion for Relief will be denied. Accordingly, it is

3

ORDERED that the "Motion for Relief From Sua Sponte Order of Dismissal," (Doc. No. 9), filed April 16, 2008, filed pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 29 day of April, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.

Jeffrey A. Dunn
Reg. No. 113992
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/30/08

GREGORY C. LANGHAM, CLERK

By: _____Angie_____
    Deputy Clerk